Dear Representative Dimos:
This office is in receipt of your request for an opinion of the Attorney General in regard to the exemption for a lessee under C.C. Art. 2705 for "arms, military accoutrements" against a lessor's privilege. The request indicates that there are various interpretations being made by those executing a lessor's lien as to what extent this exemption applies, and the opinion is sought to clarify the nature of the exemption.
C.C. Art. 2705 grants the lessor a right of pledge on the movable effects of the lessee for the obligations of the lease but provides the lessee shall be entitled to retain out of the property subject to the lessor's privilege certain listed items as follows:
 But the Lessee shall be entitled to retain, out of the property subjected by law to the lessor's privilege, his clothes and linen, and those of his spouse and family; his bed, bedding and bedstead, and those of his spouse and family; his arms, military accoutrements, and the tools and instruments necessary for the exercise of the trade or profession by which he gains his living and that of his family; one cooking stove and utensils of said stove; plates, dishes, knives, forks and spoons; all pots, pans and other cooking utensils; one dining table, and dining chairs necessary for himself and family. (Emphasis added.)
We do not find any Louisiana state court case interpreting this provision, but do find a case decided in 1995 in the United States Bankruptcy Court for the Middle District of Louisiana that we feel is persuasive. In the case of In re Brown, 189 B.R. 653
(M.D.LA 1995), the Debtor claimed various of his firearms were exempt under R.S. 13:3881(A)(4)(c) which provides an exemption from seizure for "his arms and military accoutrements". The trustee took the position the guns did not fall within this category because they were not needed for military purposes but were for personal purposes such as hunting and target shooting. The court noted that all the research indicated this issue was one of first impression for a Louisiana court, state or federal.
After considering numerous rules on statutory construction and jurisprudence in that regard, the Court found that the task of the court was to determine the legislative will underlying the section in question with the obligation that words of a law must be given their generally prevailing meaning. Following a detailed analysis it was concluded as follows:
 Resort, therefore to the plain meaning analysis directs this Court's conclusion that firearms not used for military purposes was not exempt; or, to say it another way, only arms used for military purposes are covered by this exemption provisions of La. R.S. 13:3881(A)(4)(C).
While the court maintained it had performed its task to ferret out the plain meaning of the statute from the words themselves, the court resorted to a determination of the purpose of the exemption statute in relation to the text of the laws as a whole and laws on the same subject matter so as to include the Constitution of the United States, the Constitutions of Louisiana and exemptions laws from other state. The court traced the legislative history of the "arms and military accoutrements" provision in search of evidence indicative of the intent of the legislature underlying the provisions. In determining the purpose of the provision it was noted that Louisiana's exemption of "arms and military accoutrements" could be traced back to 1825 where the sheriff was prohibited from seizure of "arms and military accoutrements" of the debtor. Significantly, it was observed as follows:
 Similarly, Article 2705 of the Louisiana Civil Code of 1870 provided that, with regard to the lessor's privilege, the lessor had a right to pledge on the moveable effects of the lessee which were found on the property leased, but that "the lessee shall be entitled to retain, out of the property subjected by law to the lessor's privilege, . . . his arms (and) military accoutrements.
In tracing the legislative history the court found no revisions of the exemption for "arms and accoutrements" and found nothing which would lead to a different interpretation from that determined in an analysis of the plain meaning of the words. It was stated, "Louisiana case law is clear that the purpose underlying La. R.S. 13:3881 is to provide for the subsistence, welfare, and `fresh start' of the debtor, to the end that his or her family will not be destitute and so that the debtor will not become a charge on the state." The court felt it difficult to fathom how granting the Debtor's exemption of firearms owned for personal or sporting uses would ensure his "fresh start" and ensure that he and his family would not become a burden to society. It was felt the categories of state exemption statutes strongly indicate the exemption of "arms and military accoutrements" was meant to exempt a category of arms substantively different from firearms used for personal purposes.
Following extensive research and a well reasoned opinion the court declared, "Therefore, it is reasonable for the Court to conclude that La. R.S. 13:3881(A)(4)(c) covers military arms and military accoutrements only, rather than including firearms used for personal purposes." Accordingly, the court issued an order that the guns claimed in the case were not exempt because they were not arms kept for military purposes.
This office will follow the court's conclusion in regard to legislative intent in the exemption set forth in the phrase "arms, military accoutrements and tools" to mean only those arms for military use as initially intended in 1870, finding no indication of a different intent.
In the opinion the court pointed out that in specifically exempting only "arms and military accoutrements", Louisiana has chosen not only to reject enacting a personal property exemption specifically including firearms, or which grants a blanket exemption covering all personal property up to an aggregate value, but also to reject an in globo "household goods" exemption which could conceivable include firearms used for personal purposes. It would follow until there is such legislative amendment, the reasoning of the court in In Re Brown should be followed that the legislative intent is that the exemption for the lessee is for arms for military purposes.
In reaching this conclusion it should be noted that this is in reference to the meaning of the exemption in C.C. Art. 2705 covering "arms" and "military accoutrements" and is not relative to the right to keep and bear arms as protected under Article I, Section 11 of the Louisiana Constitution.
We hope this sufficiently answers your inquiry, but if we can be of further assistance, do not hesitate to contact us.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
 By: _________________________________ BARBARA B. RUTLEDGE Assistant Attorney General
BBR